IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AMALIA E. RODRÍGUEZ-GONZÁLEZ AND JOSÉ A. CRUZ-SANTIAGO,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC. AND IBERIA LÍNEAS ÁREAS DE ESPAÑA, S.A. D/B/A IBERIA AIRLINES,<br><br>Defendants. | CIV. NO.: 23-1306 (SCC) |

**OMNIBUS OPINION AND ORDER**

Pending before the Court are motions to dismiss filed by Iberia Líneas Áreas de España, S.A. d/b/a Iberia Airlines ("Iberia") and American Airlines, Inc. ("American Airlines"), respectively. *See* Docket Nos. 14 and 15. Plaintiffs Amalia E. Rodríguez-González and José A. Cruz-Santiago opposed the same. *See* Docket Nos. 16 and 22. For the reasons set forth below, the motions to dismiss are **GRANTED**.

**I. BACKGROUND**

The factual predicate underpinning the Plaintiffs' Complaint is straightforward. Plaintiffs claim that they purchased two roundtrip tickets from San Juan, Puerto Rico to Rome, Italy. Docket No. 1, pg. 3. Once in Rome, they would board a cruise. *Id.* The San Juan to Rome leg of the trip included

| Rodríguez-González, et al. v. American Airlines, Inc., et al. | Page 2 |
|---|---|

a layover in Philadelphia. *Id.* The San Juan to Philadelphia flight departed on December 11, 2022 and was operated by American Airlines. *Id.* Shortly after arriving at the Philadelphia airport, the boarding process for the Iberia operated flight bound for Rome began. *Id.* at pg. 4. Nevertheless, while Plaintiff Cruz-Santiago made his way through the boarding tunnel and was set to board the aircraft, he noticed that Plaintiff Rodríguez-González remained at the boarding lounge terminal counter. *Id.* This prompted Plaintiff Cruz-Santiago to return to the boarding lounge terminal counter to inquire about why Plaintiff Rodríguez-González remained there. *Id.*

At the boarding lounge terminal counter, Plaintiff Cruz-Santiago was informed by an Iberia employee that Plaintiff Rodríguez-González did not have a return ticket and her passport was set to expire on February 12, 2023. *Id.* At that point, Plaintiffs allege that they attempted to show the return tickets to the Iberia employee, but he refused to look at them. *Id.* Plaintiff Cruz-Santiago claims that the Iberia employee then turned his attention to him and accused him of not having the necessary "papers" to board. *Id.* at pg. 5. According to Plaintiff Cruz-Santiago, that accusation did not make sense considering he had been allowed to go through the boarding gate. *Id.*

Plaintiff Rodríguez-González then reportedly told the Iberia employee that Iberia had to reimburse them for the costs of the plane tickets and the cruise. *Id.* Plaintiffs were therefore directed to Iberia's customer service counter. *Id.*

At the customer service counter, another Iberia employee stated that there were no return tickets on file for the Plaintiffs and that Iberia could not issue the refund that they were requesting. *Id.* Plaintiffs then made their way to the American Airlines counter where they were informed by an American Airlines employee that their documents were in order. *Id.* at pg. 6. At this point, the Plaintiffs decided to return to Puerto Rico. *Id.* But since their return flight would not depart until the next day, they asked American Airlines about hotel accommodations. *Id.* American Airlines reportedly replied that it did not provide hotel accommodations. *Id.* Plaintiffs eventually made their way to a hotel at the airport where they paid for their overnight stay out of pocket. *Id.* Throughout this situation, Plaintiff Rodríguez-González broke down crying on multiple occasions because she could not believe this was all happening to her. *Id.* at pgs. 5-6.

Rodríguez-González, et al. v. American Airlines, Inc., et al.

Page 4

On June 8, 2023, Plaintiffs filed the instant Complaint against Iberia and American Airlines based on purported violations to the Air Carrier Access Act ("ACAA"). *Id.* at pg. 1. They also advanced discrimination (pursuant to Puerto Rico Law 100) and negligence (pursuant to Puerto Rico's general tort statute) claims. *Id.* at pg. 2. Instead of answering the Complaint, Iberia and American Airlines moved to have it dismissed. *See* Docket Nos. 14 and 15.

Having gone over the background of this case, the Court turns to the motions to dismiss.

## II. STANDARD OF REVIEW[1]

When evaluating a motion to dismiss for failure to state a claim, the Court must "accept as true all well-pleaded facts set forth in a plaintiff's complaint and draw all reasonable inferences therefrom to his behoof." *Burt v. Bd. of Trustees of Univ. of Rhode Island*, 84 F.4th 42, 50 (1st Cir. 2023). This logically follows that "[if] the complaint fails to include 'factual

---

[1] The Court is aware that American Airlines also argued, in the alternative, for dismissal based on improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). *See* Docket No. 15, pgs. 10-15. But because the Court will dispose of all federal claims via the failure to state a claim route and all Puerto Rico law claims by not exercising supplemental jurisdiction, there is no need for the Court to rehearse (or apply) 12(b)(3)'s standard here.

Rodríguez-González, et al. v. American Airlines, Inc., et al.

Page 5

allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory,' it should be dismissed." *Pitta v. Medeiros*, 90 F.4th 11, 17 (1st Cir. 2024) (quoting *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008)). In conducting this exercise, the Court will not consider "neither conclusory legal allegations, nor factual allegations that are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 36 F.4th 29, 33-34 (1st Cir. 2022) (cleaned up).

### III. ANALYSIS

The arguments advanced by Iberia and American Airlines in support of their request for dismissal are pretty much the same. Specifically, Iberia and American Airlines contend that dismissal is warranted based on the following grounds: (1) the Montreal Convention preempts Plaintiffs' federal and state law claims; and (2) the ACAA does not provide for a private cause of action.[2] Admittedly, the motions to dismiss contain additional arguments, but those are best characterized as white noise since, ultimately, the Court reaches

---

[2] The terms "private cause of action" and "private right of action" are used interchangeably throughout this Omnibus Opinion and Order.

| Rodríguez-González, et al. v. American Airlines, Inc., et al. | Page 6 |
|---|---|

the conclusion that dismissal is warranted by resolving the threshold question regarding whether the ACAA establishes a private cause of action.

### a. ACAA Claims

The First Circuit has yet to decide whether the ACAA's enforcement scheme includes a private right of action. The clear text of the statute does not contain such a right. So the question then lingers as to whether the ACAA contains an implied private right of action. Iberia and American Airlines brought to the Court's attention a handful of decisions that have come out of the District of Massachusetts which support the proposition that the ACAA does not provide a private right of action. *See* Docket No. 14, pg. 11 and Docket No. 15, pg. 5. Those decisions, in turn, relied on the decisions issued by the circuits that have considered this matter. Naturally, the Court took on the task of examining those circuit court decisions. And what became immediately clear to the Court was that to reach their respective decisions, those circuit courts employed the analytical framework advanced by the Supreme Court in *Alexander v. Sandoval*, 532 U.S. 275 (2001).

Following *Sandoval*, the Second, Fifth, Ninth, Tenth and Eleventh circuits considered the ACAA's text and regulatory

structure to ascertain if Congress intended to create a private right of action to enforce the ACAA. After running that analysis, those circuit courts concluded that the ACAA does not grant a private right of action. *See Segalman v. Sw. Airlines Co.*, 895 F.3d 1219, 1222 (9th Cir. 2018) (so holding and underscoring that "[a]pplying [*Sandoval*], we hold that the ACAA does not create an implied private cause of action."); *Stokes v. Sw. Airlines*, 887 F.3d 199, 203 (5th Cir. 2018) (concluding that "[t]he ACAA confers no private right to sue in federal district court."); *López v. Jet Blue Airways*, 662 F.3d 593, 597 (2d Cir. 2011) (holding that the ACAA "does not expressly provide a right to sue the air carrier, and that right should not be implied because the statute provides an administrative enforcement scheme designed to vindicate fully the rights of disabled passengers."); *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1270 (10th Cir. 2004) (holding that "Congress's creation of specific means of enforcing the statute indicates that it did not intend to allow an additional remedy—a private right of action—that it did not expressly mention at all."); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002) (explaining that "taken together, the text of the ACAA itself . . . and the surrounding statutory and regulatory structure create an elaborate and comprehensive

enforcement scheme that belies any congressional intent to create a private remedy. Notably absent from that scheme is a private right to sue in a federal district court.")

While, as the *Boswell* court noted, "a private right of action may well afford a given individual more comprehensive relief for an ACAA violation," 361 F.3d at 1270, *Sandoval* remains good law. And at the end of the day, "private rights of action to enforce federal law must be created by Congress." *Sandoval*, 532 U.S. at 286. This follows that the Court's role will be limited "to interpret[ing] the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id*. The Court is bound by that precedent.

Here, after the Court carried out the *Sandoval* analysis, which the First Circuit has recognized must guide the Court's analysis in situations like the one pending, *see Allco Reneweable Energy Ltd. v. Mass. Elec. Co.*, 875 F.3d 64, 69 (1st Cir. 2017), the Court is persuaded by the analysis espoused by the *Segalman*, *Stokes*, *López*, *Boswell*, and *Love* courts and finds that it should be followed here. Accordingly, the Court holds that the ACAA does not establish a private right of action. This indubitably follows that the Plaintiffs' claims alleging violations to the

ACAA must be dismissed. Furthermore, because the Court has answered the lingering threshold question (concerning whether the ACAA provides a private right of action) in the negative, there is no need for the Court to consider if the Montreal Convention preempts Plaintiffs' federal and state law claims. To say more would be supererogatory.

### b. Puerto Rico Law Claims

In addition to their ACAA claims, Plaintiffs' Complaint includes a Puerto Rico law discrimination claim pursuant to Law 100 (identified as the Third Cause of Action in the Complaint) and general tort claims under Puerto Rico law (identified as the Fourth Cause of Action in the Complaint). *See* Docket No. 1, pgs. 8-9. Having dismissed the federal claim, because the Court found that a private right of action for violations to the ACAA does not exist, the Court is now faced with the following question: should it exercise supplemental jurisdiction over Plaintiffs' Puerto Rico law claims?

The general rule "is that the dismissal of a foundational federal claim does not deprive a federal court of authority to exercise supplemental jurisdiction over pendent state-law claims." *Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 35 (1st Cir. 2018). But general rules have exceptions, and the First

Rodríguez-González, et al. v. American Airlines, Inc., et al.

Page 10

Circuit has instructed that when a district court is faced with the situation that this Court now faces, the stage is set "for an exercise of the court's informed discretion." *Senra v. Town of Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013). As part of that discretion, to determine if it will (or will not) exercise supplemental jurisdiction over the Puerto Rico law claims, the Court must consider a host of factors. Therefore, since "[n]o categorical rule governs the analysis; a court must weigh concerns of comity, judicial economy, convenience, and fairness." *See Redondo Const. Corp. v. Izquierdo*, 662 F.3d 42, 49 (1st Cir. 2011).

When the comity, convenience, fairness and judicial economy factors are weighed vis-à-vis the record, the Court finds that it need not exercise supplemental jurisdiction here. This case is still in its infancy and is not "well beyond its nascent stages." *Santana-Vargas v. Banco Santander de Puerto Rico*, 948 F.3d 57, 61-62 (1st Cir. 2020) (quotations and citations omitted). No answers to the Complaint have been filed and no discovery has been conducted. This case was just getting started when the pending motions were filed. Moreover, should Plaintiffs take their Puerto Rico law claims to state court, and should Iberia and American Airlines once again argue that those claims are

| Rodríguez-González, et al. v. American Airlines, Inc., et al. | Page 11 |
|---|---|

preempted by the Montreal Convention, the Court understands that the state court would be able to address the preemption argument. Bearing all of this in mind, the Court sees only one logical outcome: it must decline to exercise supplemental jurisdiction to hear Plaintiffs' Puerto Rico law claims.

### c. Plaintiffs' Motion for Leave to File a Surreply

American Airlines filed a reply in support of its motion to dismiss. *See* Docket No. 25.[3] That reply zeroed in on the laundry list of case law that the Plaintiffs relied on in their responses to the motions to dismiss.[4] According to American Airlines, the bulk of the case law cited by the Plaintiffs was either inapposite or misleading. *Id.* at pg. 4. Additionally, American Airlines argued that some of the citations were incorrect since they would redirect American Airlines to other cases. *Id.* at pgs. 2-3.

Considering American Airline's reply, Plaintiffs wanted to clear the air and so they filed a motion for leave to file a

---

[3] American Airlines timely sought leave of Court to file its Reply at Docket No. 23. The request was granted. *See* Docket No. 24.

[4] It is worth mentioning that when the Plaintiffs opposed the motions to dismiss, it did so separately, but with two nearly identical responses. *See* Docket Nos. 16 and 22.

Rodríguez-González, et al. v. American Airlines, Inc., et al.

Page 12

surreply. *See* Docket No. 26. There, they explained that they needed to file a surreply because "citations need to either be corrected and/or eliminated in order for the Honorable Court to make a proper judicial determination." *Id.* at pg. 2. American Airlines and Iberia[5] opposed the Plaintiffs' motion for leave. *See* Docket No. 27. In that motion, American Airlines and Iberia argue that the request should be denied for two reasons. First, they contend that the motion for leave does not comply with Local Rule 7(d) since a surreply will only be considered if "the reply raises new arguments not previously presented in the movant's opening motion." *Id.* at pg. 2 (quoting Local Rule 7(d)). And here, they claim, the Plaintiffs are not addressing new arguments that were raised in the reply, instead, they wish to correct and amend the citations and case summaries that they erroneously included in their responses. *Id.* at pgs. 2-3. Second, American Airlines and Iberia appear to argue in favor of the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11. *Id.* at pg. 2. According to American Airlines and Iberia, by including the improper citations in their response, Plaintiffs violated Rule 11. *Id.*

---

[5] Iberia filed a motion to join American Airlines' response. *See* Docket No. 28. The Court granted the request to join. *See* Docket No. 29.

| Rodríguez-González, et al. v. American Airlines, Inc., et al. | Page 13 |
|---|---|

To the extent that the reply filed by American Airlines raised new arguments by pointing out the improper citations in the Plaintiffs' responses, the Court finds that the filing of a surreply would be futile. Indeed, the Court does not possess the ability to foretell the future or guess the case law that Plaintiffs would have brought forth had they been granted the opportunity to file the surreply. But while Plaintiffs could have very well corrected their improper citations, the only way that those corrections would have altered the Court's determination today would have been if the cases that Plaintiffs were to advance were either First Circuit or Supreme Court cases that strayed from the decisions that have been issued by the circuit courts which have found that the ACAA does not provide a private right of action. As the Court stated above, the First Circuit has yet to address that question. And the Court has not identified a Supreme Court decision stating that the ACAA includes a private right of action. Therefore, the Court denies Plaintiffs' motion for leave to file a surreply.

One loose end remains. American Airlines and Iberia appear to have moved for sanctions pursuant to Rule 11. Nevertheless, that request will be denied. For starters, when a party seeks sanctions pursuant to Rule 11, that party "must

| Rodríguez-González, et al. v. American Airlines, Inc., et al. | Page 14 |
|---|---|

serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and [second,] sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion." *Triantos v. Guaetta & Benson, LLC*, 91 F.4th 556, 561 (1st Cir. 2024) (quoting *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004)). Here, there is no indication that American Airlines or Iberia served the Plaintiffs with such a motion. Moreover, the opposition filed at Docket No. 27 contains a twofold request since it is asking the Court to deny the motion for leave and to sanction the Plaintiffs. However, motions for sanctions pursuant to Rule 11 "must be made separately from any other." *Id.* (quoting FED. R. CIV. P 11(c)(2)). And that was not done here. In short, the request for sanctions is not properly before this Court.

The Court's discussion could very well end here. However, it is imperative for the Court to conclude with some parting words. The Court, just like American Airlines, took the time to review the cases cited by the Plaintiffs in their responses to the motions to dismiss. While the Court always thoroughly reviews the briefs and documents submitted by parties, here,

because the responses did not contain mere clerical errors, an unnecessary burden was imposed on the Court. Not only were the responses riddled with improper citations, but they were also riddled with improper summaries of the cases cited. Therefore, the Court reminds attorneys to be more mindful when they submit their work product to the Court.

## IV. CONCLUSION

In sum, the Motions to Dismiss at Docket Nos. 14 and 15 are **GRANTED.** Consistent with the Court's ruling, the ACAA claims (identified as the First and Second Causes of Action in the Complaint) are **DISMISSED WITH PREJUDICE** and the Puerto Rico law claims (identified as the Third and Fourth Causes of Action in the Complaint) are **DISMISSED WITHOUT PREJUDICE**. Lastly, the Court **DENIES** Plaintiffs' Motion for Leave to File a Surreply at Docket No. 26.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of March 2024.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE